2026 IL App (1st) 250180-U

No. 1-25-0180

Order filed June 30, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11CR348 |
| | ) | |
| BRIAN CONYEARS, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the circuit court where the statute prohibiting felons from possessing a firearm is not facially unconstitutional under the second amendment of the United States Constitution.

¶ 2    Defendant Brian Conyears appeals the circuit court's order denying his *pro se* petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)). On appeal, he argues that his conviction for unlawful use of a weapon by a felon (UUWF) is void *ab initio*, because the UUWF statute (720 ILCS 5/24-1.1 (West

2010)) is facially unconstitutional under the second amendment of the United States Constitution (U.S. Const., amend. II) and the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3    On January 24, 2013, defendant pled guilty to UUWF in exchange for a 4-year prison sentence. He did not move to withdraw his plea or file a direct appeal.

¶ 4    On October 7, 2024, defendant filed the instant *pro se* section 2-1401 petition, claiming his UUWF conviction is void *ab initio* because the UUWF statute is unconstitutional, both facially and as applied to him. More specifically, he argued that the UUWF statute violated the second amendment of the United States Constitution under *Bruen*. On January 3, 2025, the circuit court denied defendant's petition.

¶ 5    On appeal, defendant solely argues that the UUWF statute under which he was convicted, is facially unconstitutional under the second amendment and *Bruen*.

¶ 6    Section 2-1401 of the Code provides a statutory mechanism for vacating final judgments older than 30 days. 735 ILCS 5/2-1401 (West 2024). While section 2-1401 is a civil remedy, it extends to criminal cases. *People v. Clemons*, 2023 IL App (1st) 192169, ¶ 21. Usually, a section 2-1401 petition must be filed more than 30 days, but not more than 2 years, after entry of the final judgment. 735 ILCS 5/2-1401(a), (c) (West 2024). An exception exists where, as here, the petition challenges a judgment on the ground that it is based on a facially unconstitutional statute and, therefore, void. *People v. Thompson*, 2015 IL 118151, ¶ 32.

¶ 7    A party bringing a facial constitutional challenge to a statute faces a "particularly heavy burden," as the party "must prove there is no set of circumstances under which the statute would be valid." *People v. Villareal*, 2023 IL 127318, ¶ 14. Statutes are presumed constitutional, and the

party challenging the statute has the burden of "clearly establishing its invalidity." (Internal quotation marks omitted.) *People v. Coty*, 2020 IL 123972, ¶ 22. Further, this court has a "duty to construe statutes so as to uphold their constitutionality if there is any reasonable way to do so." (Internal quotation marks omitted.) *People v. Johnson*, 2024 IL App (1st) 231155, ¶ 20. The constitutionality of a statute is a question of law which we review *de novo*. *Villareal*, 2023 IL 127318, ¶ 14.

¶ 8     Defendant challenges the constitutionality of the UUWF statute, which provides that it is unlawful for a person with a felony conviction to knowingly possess a firearm or firearm ammunition. 720 ILCS 5/24-1.1 (West 2010).

¶ 9     The second amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. In 2008, the United States Supreme Court issued its decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), holding that the second amendment protects an individual right to possess "any lawful firearm in the home operable for the purpose of self-defense." *Id.* at 635. The Court cautioned, however, that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626-27.

¶ 10     In 2010, the Court extended the right to keep and bear arms to the states under the second and fourteenth amendments. *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010). The Court reiterated that its decision in *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.' " *Id*. at 786 (quoting *Heller*, 554 U.S. at 626-27).

¶ 11    In *Bruen*, the Court announced a new analytical framework for evaluating the constitutionality of firearm regulations. Namely, the Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 597 U.S. at 24. To justify regulating said protected conduct, the government must demonstrate that the regulation is "consistent with the Nation's historical tradition of firearm regulation." *Id.* "Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." (Internal quotation marks omitted.) *Id.*

¶ 12    Here, defendant claims that, based on the first step of the *Bruen* analysis, the UUWF statute is unconstitutional, as it prohibits conduct that is covered by the second amendment's plain text and, therefore, presumptively protected. He further argues that, based on the second step, there have been no relevantly similar historical laws restricting firearm possession by a felon. We disagree.

¶ 13    Here, defendant's claim must fail, as his conduct is not protected by the "plain text" of the second amendment. See *id.* The United States Supreme Court has consistently held that the second amendment protects the rights of "law-abiding citizens" to possess firearms. See *id.* at 8-10 (agreeing that "law-abiding citizen[s]" have a right to carry handguns for self-defense outside the home); see also *Heller*, 554 U.S. at 635 (the second amendment elevates "the right of law-abiding, responsible citizens to use arms in defense of hearth and home"). The Court has also repeatedly emphasized that the government may lawfully prohibit the possession of firearms by felons. See *United States v. Rahimi*, 602 U.S. 680, 699 (2024) (confirming that prohibitions on the possession of firearms by felons are " 'presumptively lawful' "); see also *McDonald*, 561 U.S. at 786; *Heller*, 554 U.S. at 626-28. Consistent with this case law, we must conclude that the second amendment,

and *Bruen's* analytical framework, apply only to the possession of firearms by "law-abiding citizens," and not those with felony convictions. See *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37 (*Bruen* "could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens' ").

¶ 14    That said, some Illinois courts have concluded that a person's status as a felon is irrelevant to *Bruen*'s first step, which only concerns whether the second amendment's plain text covers an individual's *conduct*, but not the individual's identity or status. See, *e.g.*, *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 89. Thus, under this interpretation of *Bruen*, the second amendment's plain text would apply to all citizens regardless of their status as a felon, and examining the constitutionality of a statute prohibiting the possession of firearms by felons would require *Bruen*'s second-step historical inquiry. *Id.*

¶ 15    Even if we presumed that *Bruen* applies here, defendant's facial challenge to the UUWF statute would still fail under *Bruen*'s second step. Under the second step of the *Bruen* analysis, Illinois courts have found ample historical support for the legislature's ability to prohibit possession of firearms by felons. *Id.* ¶¶ 90-105. The historical analysis in *Brooks* noted "widespread acceptance of the legislatures' authority to disarm felons" during the founders' era. *Id.* ¶ 96. *Brooks* recognized a "historical tradition" of legislatures imposing "status-based restrictions disarming entire categories of persons who, based on their past conduct, were presumed unwilling to obey the law," including felons. (Internal quotation marks omitted.) *Id.* ¶ 97. Thus, even applying the new framework set forth in *Bruen*, we would still find no reason to invalidate the UUWF statute. *Johnson*, 2024 IL App (1st) 231155, ¶ 20 (we have a duty to construe statutes so as to uphold their constitutionality if there is a reasonable way to do so).

Defendant's facial constitutional challenge to the UUWF statute fails, and the circuit court properly denied his section 2-1401 petition.

¶ 16    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 17    Affirmed.